UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

"IN ADMIRALTY"

YACHT MANAGEMENT SOUTH FLORIDA,
INC.,

       Plaintiff,

v.

M/V THIS IS IT, a 1998 39' Maxum Motor
Yacht with Hull Identification
Number USDA16YCH798, and its engines,
equipment, tackle, furnishings, and other
appurtenances, etc., *in rem*, and GREGORY
B. WHIPPLE, *in personam*,

       Defendants.

Case No.:  0:24-cv-60532

## VERIFIED COMPLAINT

Plaintiff, Yacht Management South Florida, Inc., by and through the undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, hereby sues Defendants, M/V This Is It, a 1998 39' Maxum Motor Yacht with Hull Identification Number USDA16YCH798, and its engines, equipment, tackle, furnishings, and other appurtenances, etc., *in rem*, and Gregory B. Whipple, *in personam*, and as grounds in support thereof, states the following:

## JURISDICTION AND VENUE

1.      This action is brought under the admiralty and maritime jurisdiction of the court pursuant to Federal Rule of Civil Procedure 9(h) and 28 U.S.C. § 1333.

2.      Plaintiff, Yacht Management South Florida, Inc. (hereinafter, "Yacht Management"), is a Florida corporation located at 3001 West State Road 84, Fort Lauderdale, Florida 33312.

3.      Defendant, M/V This Is It (hereinafter, "Vessel"), is a 1998 39' Maxum Motor Yacht located at 3001 West State Road 84, Fort Lauderdale, Florida 33312.

4.      Defendant, Gregory B. Whipple (hereinafter, "Whipple"), is a Florida resident located at 2417 East Las Olas Boulevard, Fort Lauderdale, Florida 33301.

5.      Defendants are subject to the personal jurisdiction of the court based on their residence and physical presence in this judicial district.

## GENERAL ALLEGATIONS

6.      At all times material hereto, Yacht Management owned the boatyard located at 3001 West State Road 84, Fort Lauderdale, Florida 33312.

7.      At all times material hereto, Whipple owned the Vessel.

8.      At all times material hereto, Whipple held himself out as the owner of the Vessel.

9.      At all times material hereto, Whipple exerted control over the Vessel.

10.     At all times material hereto, Whipple was authorized to procure necessaries, including storage and repairs for the Vessel.

11.     On November 19, 2023, Whipple contracted to have the Vessel towed to Yacht Management for storage and repairs.

12.     The storage and repairs were authorized by Whipple and his agents, including the captain of the Vessel.

13.     Yacht Management submitted invoices to Whipple for the storage and repairs on a monthly basis.

14.     The invoices submitted to Whipple are attached hereto as ***Exhibit "A"***.

15.     Whipple never objected to the invoices or the charges contained therein.

16.     Whipple never objected to the storage or repairs provided by Yacht Management.

17.     Whipple never paid the invoices resulting in a past-due balance of $22,149.44.

18.     The past-due balance continues to increase as additional storage charges accrue.

19.     The past-due balance continues to increase as additional interest charges accrue.

20.     Yacht Management has made multiple requests for payment, but these requests have been denied.

**COUNT I**
**FORECLOSURE OF MARITIME LIEN FOR NECESSARIES**

21.     Yacht Management realleges the allegations in Paragraphs 1-20 herein.

22.     Yacht Management maintains a maritime lien for necessaries on the Vessel pursuant to 46 U.S.C. § 31342.

23.     Yacht Management furnished necessaries on the Vessel.

24.     Yacht Management furnished necessaries at a reasonable price.

25.     Yacht Management furnished necessaries at the direction of an authorized representative of the Vessel.

26.     The current amount of the maritime lien is $22,149.44.

27.     The amount of the maritime lien will increase during the pendency of this action.

28.     Yacht Management seeks to foreclose the maritime lien pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

**WHEREFORE,** Plaintiff, Yacht Management South Florida, Inc., demands the following:

(a)     Process issue against the Vessel, its engines, equipment, tackle, furnishings, and other appurtenances, etc., *in rem*.

(b)     All persons having or claiming an interest in the Vessel be required to appear and answer for the aforesaid matters.

(c)     Yacht Management be decreed to have a lien upon the Vessel as alleged herein, and that said lien be foreclosed with law and that the Vessel be condemned and sold in payment of the outstanding amount due, in addition to all other sums owed, and that Yacht Management be permitted to bid the amount of its lien at the sale of the Vessel.

(d)     The court award Yacht Management the total amount due, prejudgment interest, and that Yacht Management be permitted to recover same from the Vessel, *in rem*.

## COUNT II
## BREACH OF MARITIME CONTRACT

29.     Yacht Management realleges the allegations in Paragraphs 1-20 herein.

30.     Yacht Management entered into a valid, binding, and enforceable maritime contract with Whipple.

31.     Yacht Management was obligated to provide storage and repairs for the Vessel.

32.     Yacht Management satisfied its obligation to provide storage and repairs.

33.     Whipple was obligated to pay for storage and repairs for the Vessel.

34.     Whipple materially breached his obligation to pay for storage and repairs.

35.     As a result, Yacht Management has sustained damages in the amount of $22,149.44.

36.     This amount will increase during the pendency of this action.

**WHEREFORE,** Plaintiff, Yacht Management South Florida, Inc., demands judgment against Defendant, Gregory B. Whipple, for damages, including interest and costs, and for such other and further relief that the court deems just and proper.

## COUNT III
## UNJUST ENRICHMENT

37.     Yacht Management realleges the allegations in Paragraphs 1-20 herein.

38.     This cause of action is brought in the alternative to Count II.

39.     Yacht Management conferred a benefit on Whipple by providing storage and repairs for the Vessel.

40.     The benefit conferred by Yacht Management preserved the value of the Vessel.

41.     Whipple has knowledge of the benefit conferred by Yacht Management.

42.     Whipple has not objected to the benefit conferred by Yacht Management.

43.     Whipple has retained the benefit conferred by Yacht Management.

44.     Whipple has not paid fair value for the benefit conferred by Yacht Management.

45.     It would be inequitable for Whipple to retain the benefit conferred by Yacht Management without paying fair value for the same.

**WHEREFORE,** Plaintiff, Yacht Management South Florida, Inc., demands judgment against Defendant, Gregory B. Whipple, for damages, including interest and costs, and for such other and further relief that the court deems just and proper.

Dated:  April 4, 2024                                  Respectfully submitted,

                                                       FIORILLI LAW GROUP, P.A.
                                                       *Attorneys for Plaintiff*
                                                       3001 West State Road 84, Third Floor
                                                       Fort Lauderdale, Florida 33312
                                                       Office: (954) 797-7719
                                                       Direct: (561) 727-9337
                                                       E-mail: justin@fiorillilaw.com
                                                       E-mail: isaiah@fiorillilaw.com

                                                       ***/s/ Justin S. Fiorilli***
                                                       **JUSTIN S. FIORILLI, ESQ.**
                                                       FL Bar No. 111481

## VERIFICATION

I, **JOSHUA KERRIGAN**, declares under penalty of perjury:

1.      I am over eighteen (18) years of age.

2.      I am the President of Yacht Management South Florida, Inc., the Plaintiff in the above-styled action.

3.      I have read the Verified Complaint and know the contents thereof, and the same is true to my own knowledge, except as to matters therein stated to be upon information and belief, and as to those matters, I believe it to be true.

4.      I am authorized to make these representations on behalf of Yacht Management South Florida, Inc.

5.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**FURTHER DECLARANT SAYETH NAUGHT.**

_____
JOSHUA KERRIGAN

7-28-24
_____
Date